FIDELITY LOAN AND TRUST COMPANY, Appellant, v. H. F.
HOGAN, *et al.*

**Partnership.** Where a firm accepts an order upon itself in payment
of a note due one of its members, by authority of that member,
it operates as a payment of the note.

*Appeal from Woodbury District Court.*—HON. A. VAN
WAGENEN, Judge.

FRIDAY, APRIL 5, 1895.

Plaintiff states as a cause of action that on May
20, 1887, the defendant H. F. Hogan executed to H. D.

Booge, Jr., his promissory note, and mortgage on certain real estate to secure the same, which note was assigned to plaintiff, after maturity and is unpaid; that defendants Worth B. Reeve and William T. Reeve purchased said real estate, and assumed and agreed, as part of the purchase price, to pay said note and mortgage. Wherefore plaintiff asks judgment against the defendants, and decree foreclosing said mortgage. Defendants answered, admitting all the allegations of the petition except that the note was unpaid. They allege, in substance, as follows: That the Reeves did grading for the Sioux Grading Improvement Company, a partnership consisting of Albin Nelson, Charles Linn, A. B. Linn, and Alfred Bergstrom, upon property owned by the firm of James E. Booge & Sons, composed of James E. Booge, H. D. Booge, Jr., and James F. Booge, for which they received an order for five hundred and forty-five dollars on the said firm of James E. Booge & Sons, dated August 25, 1890, which was immediately presented and verbally accepted by said firm; that two hundred dollars was paid thereon, and it was agreed that the balance due on said order, or so much thereof as might be necessary, should be applied in payment on the Hogan note, alleged as being in the possession of James E. Booge & Sons, as agents of said H. D. Booge, Jr., for collection and settlement. Judgment was entered dismissing plaintiff's petition, and for costs. Plaintiff appeals.—*Affirmed.*

*Wm. Milchrist* for appellant.

*Blood & Robinson* for appellees.

Given, C. J.—It is conceded, or shown beyond dispute, that the defendants Reeves assumed the payment of this debt; that the grading company was indebted to them for work done on property of Booge & Sons, of

.which firm H. D. Booge, Jr., was a member; and that
the grading company gave Messrs. Reeves an order on
Booge & Sons for five hundred and forty-five dollars.
The contention is whether Booge & Sons, by authority
of H. D. Booge, Jr., accepted that order in payment of
said note.   It is unnecessary that we here discuss the
evidence.   It is sufficient to say that, in our opinion, it
fairly sustains the conclusion that the order was so
accepted.

It is argued that Booge & Sons were not indebted
to the grading company, therefore would not have
accepted the order, as alleged.   They may not have
been indebted in that sum at that time, under the
terms of their contract with the grading company,
but they undoubtedly expected to be so on the com-
pletion of the contract.   We think the conclusions of
the district court are sustained by the evidence, and
the judgment is therefore *affirmed.*